Filed 8/26/14  P. v. Jones CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E059069 |
| v. | (Super.Ct.No. FVI1300682) |
| ANDREW JONES, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  John M. Tomberlin, Judge.  Affirmed.

Patricia L. Brisbois, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Kimberley A. Donohue, Deputy Attorneys General, for Plaintiff and Respondent.

A jury found defendant and appellant Andrew Jones guilty of committing a lewd act upon a child age 14 or 15 and at least 10 years younger than defendant (Pen. Code, § 288, subd. (c)(1), count 1)[1], contacting a minor with the intent to commit a sexual offense (§ 288.3, subd. (a), count 2), and sexual penetration of a minor under the age of 16 with a foreign object (§ 289, subd. (i)).  The trial court sentenced him to a total term of four years in state prison.

On appeal, defendant contends that the trial court erred by failing to give a jury instruction on the lesser included offense of attempted sexual penetration of a minor under the age of 16 with a foreign object.  We disagree and affirm.

## FACTUAL BACKGROUND

At around 3:00 a.m. on March 4, 2013, Officer Andy Antekeier was on patrol and spotted a car parked next to an empty field.  He stopped to investigate and noticed that the windows were fogged up and that there were two people in the back seat.  When he walked up to the car, he saw someone crawl from the back seat to the front seat and apparently get dressed.  The officer tapped on the window, and defendant rolled it down.  The officer asked what he was doing, and defendant said he was just talking.  Officer Antekeier asked for his identification, and defendant said he did not have any.  Defendant said his birth date was in 1983.  The officer spoke with the girl who was in the backseat (the victim).  She gave her name and said her birth date was in 1998.  Officer Antekeier was concerned about the 15 year age difference between defendant and the victim, so he

---

[1] All further statutory references will be to the Penal Code, unless otherwise noted.

2

asked defendant to step out of the car. He searched the car and found defendant's identification in the center console. The identification confirmed defendant's birth date of September 5, 1983. Officer Antekeier interviewed the victim at the scene and contacted her parents to pick her up.

Officer Antekeier subsequently went to the victim's home to interview her and looked at the text messages on her cell phone. Text messages had been sent using a website called "Meetme.com" to a profile for "'Lil Romeo.'"

At trial, Officer Antekeier testified that, when he interviewed the victim about what she and defendant were doing in the car, she told him that defendant put his hands underneath her denim shorts and touched her vaginal area "skin to skin," but did not penetrate it.

The victim also testified at trial. She said she was 14 years old in March 2013, and that she met defendant on the website "'Meetme.com.'" Her profile on that website listed her age as 14. Defendant emailed her through the website via his profile for "Lil Romeo," which listed his age as 15. She responded to the message, and they started to message back and forth. Defendant then gave her his cell phone number, and she texted him her number. They began texting each other, and defendant told her, numerous times, to sneak out of her house late at night and "hang out" with him. He told her he would wait on the road near her house. She snuck out to meet him four or five times. Each time they met, they would sit in defendant's car, and he would try to kiss her. The first time, she moved away from him because she did not want him to kiss her, but they ended up kissing "a little bit." The last time they met, when the officer caught them, defendant

3

tried kissing her, and he started taking off his clothes.  She told him not to, but he said it was hot.  Defendant took off everything except his boxer shorts and tried kissing her again.  The victim backed up until she hit the window, and defendant put his hands up the leg area of her shorts.  The victim testified that defendant was able to touch her vagina, and that his finger penetrated her vagina.

Defendant testified at trial on his own behalf.  He confirmed that he met the victim through "'Meetme.com.'"  However, he said that his profile was under the name "Boricua," and it listed his age as 29.  He also said the victim's profile listed her as 18 years old.  Defendant said he only met with the victim twice.  He testified that when they met on March 4, they just talked in his car.  Then, they moved to the backseat and started looking out the window at the stars.  Defendant denied that he kissed the victim and said he did not touch her anywhere.  He specifically denied touching her vaginal area.

ANALYSIS

The Trial Court Had No Sua Sponte Duty to Instruct on Attempted Sexual Penetration

With a Foreign Object as a Lesser Included Offense

Defendant argues the court committed prejudicial error when it failed, sua sponte, to instruct the jury on the lesser included offense of attempted sexual penetration with a foreign object.  We disagree.

A. *Standard of Review*

"As a general matter, an attempt to commit a crime is a lesser included offense of the completed crime."  (*People v. Ngo* (2014) 225 Cal.App.4th 126, 156 (*Ngo*).)  "A trial court must instruct on a lesser included offense if substantial evidence exists indicating

that the defendant is guilty only of the lesser offense.  [Citation.]"  (*People v. Manriquez* (2005) 37 Cal.4th 547, 584 (*Manriquez*).)  "'Substantial evidence' in this context is "'evidence from which a jury composed of reasonable [persons] could . . . conclude[]'" that the lesser offense, but not the greater, was committed.  [Citations.]"  (*People v. Breverman* (1998) 19 Cal.4th 142, 162 (*Breverman*).)  On appeal, "we employ a de novo standard of review and independently determine whether an instruction on the lesser included offense . . . should have been given."  (*Manriquez*, at p. 584.)

B.  *The Court Did Not Err*

Defendant argues that, because there was a conflict between the victim's statement to Officer Antekeier and her testimony at trial, the court was obligated to sua sponte instruct the jury on the lesser included offense of attempted penetration with a foreign object.  He points out that the victim told Officer Antekeier that defendant did *not* penetrate her vagina; however, at trial, she testified that defendant put his hand up the leg area of her shorts and touched and penetrated her vagina with his finger.  We note that, at trial, defendant flatly denied touching the victim.

"'In deciding whether there is substantial evidence of a lesser offense, courts should not evaluate the credibility of witnesses, a task for the jury.'  [Citation.]"  (*Manriquez*, *supra*, 37 Cal.4th at p. 585.)  We do not and need not attempt to determine whether the testimony given by the victim or defendant was more credible.  Such a determination is not pertinent because defendant testified that he did not touch the victim, aside from giving her a hug when he picked her up.  Defendant's testimony contained no indication that he attempted to penetrate the victim with his finger.  In other words, even

5

under the version of events that was most favorable to defendant, the evidence did not support an instruction on the lesser included offense of attempt. (See *Manriquez*, *supra*, 37 Cal.4th at p. 585.) Thus, the court did not err in failing to instruct sua sponte on the offense of attempted penetration with a foreign object.

In his reply brief, defendant relies upon *Ngo*, *supra*, 225 Cal.App.4th 126; however, *Ngo* is distinguishable. In that case, the court found that the trial court had a sua sponte duty to instruct the jury on attempted sexual penetration with a child, as a lesser included offense. (*Id*. at p. 155-157.) In her initial statements to the police, the victim stated that the defendant touched her, but she was equivocal as to whether he actually penetrated her. (*Id*. at p. 157.) The victim's mother testified that she interrupted the defendant's touching of the victim when she walked into the living room, but she did not see whether he penetrated her. (*Ibid*.) The defendant admitted touching the victim, but denied that he penetrated her. (*Ibid*.) The court found that the evidence was consistent with "the possibility that [the] defendant attempted to penetrate [the victim], but that Mother interrupted the attempt when she walked into the room." (*Ibid*.) The court concluded that a reasonable jury could find this evidence persuasive as to attempted sexual penetration; thus the court had a sua sponte duty to instruct the jury accordingly. (*Ibid*.)

In contrast to *Ngo*, there was no such substantial evidence of attempted penetration in the instant case. Specifically, the defendant in *Ngo* admitted touching the victim, but denied that he penetrated her. (*Ngo*, *supra*, 225 Cal.App.4th at p. 157.) The mother and the victim also stated that the defendant touched the victim, but were not sure whether

6

defendant penetrated her.  (*Ibid*.)  Unlike *Ngo*, the defendant here denied touching the victim in a sexual way at all.  Moreover, the victim unequivocally testified at trial that defendant touched and penetrated her.

Even if the failure to instruct on attempted sexual penetration was error, any such error was harmless.  (*Breverman*, *supra*, 19 Cal.4th 142 at p. 178; *People v. Watson* (1956) 46 Cal.2d 818, 836.)[2]  The trial court here instructed the jury that, to find defendant guilty of penetration by a foreign object, it had to find that he participated in an act of sexual penetration with another person, and that the penetration was accomplished by using a foreign object.  The court defined the meaning of sexual penetration.  The court further instructed the jury that the People were required to prove defendant guilty beyond a reasonable doubt, and that proof beyond a reasonable doubt was proof that left them "with an abiding conviction that the charge is true."  Moreover, the jury was instructed to impartially compare and consider all the evidence, and that, unless the evidence proved defendant guilty beyond a reasonable doubt, it had to find him not guilty.  The jury clearly found the victim's testimony credible, in light of its guilty verdict on the sexual penetration charge.  In view of these jury instructions, and considering the factual determinations made by the jury in reaching a verdict of guilty on count 3, we conclude the jury would have returned the same verdict, even if the attempted sexual penetration instruction had been given.  Accordingly, any error in failing to instruct the

_____

[2] Defendant asserts that the harmless error standard under *Chapman v. California* (1967) 386 U.S. 18 applies because the error "deprived [him] of his federal constitutional right to have the jury determine all factual issues relating to a charged offense." However, the *Watson* standard applies.  (*Breverman*, *supra*, 19 Cal.4th at pp. 169-173.)

jury on attempted sexual penetration with a foreign object was harmless. (See

*Manriquez*, *supra*, 37 Cal.4th at p. 586.)

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


HOLLENHORST<br>Acting P. J.


We concur:


McKINSTER
     J.


CODRINGTON
     J.